IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ALICE M. JOHNSON AND CAROL A. JOHNSON | § § § | |
| v. | § § | 1:17-cv-950 RP |
| U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR NRZ PASS THROUGH TRUST V | § § § § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

Before the Court are Defendant's Second Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 26); Plaintiffs' Response (Dkt. No. 27); and Defendant's Reply (Dkt. No. 28). The District Court referred the above-motion to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Court Rules.

**I. GENERAL BACKGROUND**

On November 14, 2002, Plaintiff Alice Johnson executed a Texas Home Equity Note ("the Note") with a principal of $146,250 payable to AEGIS Mortgage Corporation d/b/a New America Financial ("AEGIS"). Both Alice Johnson and Carol Johnson (collectively "Plaintiffs") concurrently secured the Note by executing a Deed of Trust which was secured by the property commonly known as 332 West Morse Street, Fredericksburg, Texas 79624 ("the Property"). The Deed of Trust named Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary and nominee for the lender and its successors and assigns. Through a series of transactions, on December 15, 2015, the Deed

of Trust and the Note were transferred to Defendant U.S. Bank National Association, as Trustee for NRZ Pass-Through Trust V ("US Bank").

In 2004, after Plaintiffs failed to make timely payments on the Note, one of US Bank's predecessors obtained an order for foreclosure on the Property. On September 7, 2004, MERS foreclosed on the Property and purchased it at the foreclosure sale. Shortly thereafter, however, US Bank's predecessor and Plaintiffs reached an agreement to cure the default and reinstate the loan. After making payments for some time, Plaintiffs once again defaulted on the loan. On September 9, 2015, US Bank filed a lawsuit against Plaintiffs in this court seeking a judicial foreclosure on the Property. *See U.S. Bank National Association, as Trustee for NRZ v. Alice M. Johnson and Carol A. Johnson*, No. 1:15-CV-788 RP (W.D. Tex. Sept. 9, 2015) ("*Johnson I*"). On November 11, 2016, US Bank filed a Motion for Summary Judgment requesting a judgment authorizing it to foreclose on the Property, as well as an award of attorney's fees and costs of suit. Plaintiffs objected to the foreclosure arguing that the Note was accelerated in 2004, triggering the running of the four-year statute of limitations and rendering the action time-barred. Plaintiff also argued that US Bank's failure to mention "Homecomings Financial" in the chain of title precluded summary judgment. Judge Pitman rejected Plaintiff's arguments, finding that the undisputed evidence established that Plaintiffs were in default under the Note and Deed of Trust and that US Bank had established that it had the right to foreclose on the Property under Texas Property Code § 51.002. *See* Dkt. No. 26 in 1:15-cv-788 RP. On February 14, 2017, Judge Pitman entered a Final Judgment against Plaintiffs and in favor of US Bank ordering that US Bank could proceed with the foreclosure and was entitled to recover its attorneys' fees and costs. *See* Dkt. No. 27 in 1:15-cv-788 RP. Plaintiffs did not file an appeal.

On September 21, 2017, Plaintiffs filed a lawsuit in state court against US Bank attempting to challenge the foreclosure, arguing once again that there is no valid debt on the Property and that the foreclosure is barred by the four-year statute of limitations. *See Johnson v. US Bank*, No. 15128 in the 216th District Court for Gillespie County, Texas (Sept. 21, 2017). On October 5, 2017, US Bank removed the case to this Court and moved to dismiss based on *res judicata*. After the Plaintiffs filed a Chapter 13 bankruptcy petition on November 3, 2017, the case was stayed and the initial motion to dismiss was denied as moot. Dkt. No. 17. On March 5, 2018, the District Court lifted the stay after the bankruptcy action was dismissed with prejudice. Dkt. No. 24. Defendants have now filed their Second Motion to Dismiss arguing that the case should be dismissed based on *res judicata*.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. *See In re Katrina Canal Breaches Litigation*, 495 F.3d

191, 205 (5th Cir. 2009). However, "regardless of whether the plaintiff is proceeding pro se or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quotation marks omitted).

US Bank moves to dismiss this case under Rule 12(b)(6) based on *res judicata*. Res judicata is not expressly listed as a defense that may be asserted in a motion pursuant to Rule 12(b). *See* Rule 12(b). Instead, *res judicata* is considered an affirmative defense by the federal rules. FED. R. CIV. P. 8(c); *Bradford v. Law Firm of Gauthier, Houghtaling & Williams, L.L.P.*, 696 F. App'x 691, 694 (5th Cir. 2017). While the Fifth Circuit has opined that according to Rule 8(c), a defendant should plead *res judicata* in the answer to the complaint, it also has found that "a technical failure to strictly comply with Rule 8(c) does not forfeit the affirmative defense of *res judicata* when it is raised before the district court "in a manner that does not result in unfair surprise." *Id.* (internal quotation marks and citation omitted). And though it is not often the case, a finding of *res judicata* is appropriate on a motion to dismiss when the *res judicata* bar is apparent from the face of the pleadings and judicially noticed facts. *See Kansa Reins. Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994); *see also Hall v. Hodgkins*, 305 F. App'x 224, 227-28 (5th Cir. 2008) (per curiam). USBank's *res judicata* defense has been raised in a manner that does not cause Plaintiffs unfair surprise, and is appropriate for review on a motion to dismiss.

### III. ANALYSIS

US Bank argues that Plaintiffs' claims here are based on the same dispute the parties previously litigated in *Johnson I* and, therefore, those claims are barred by the doctrine of *res judicata*. The Court agrees.

4

The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as "*res judicata*." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).[1] Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001). Issue preclusion, in contrast, bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different claim. *Id.*, at 748-749. By "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate," these two doctrines protect against "the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153–154 (1979). "The test for *res judicata* has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005), *cert. denied*, 547 U.S. 1055 (2006). The party asserting that *res judicata* applies has the burden of proving that preclusion is appropriate. *See Memphis–Shelby Cnty. Airport Auth. v. Braniff Airways, Inc.* (*In re Braniff Airways, Inc.*), 783 F.2d 1283, 1289 (5th Cir. 1986).

All four elements of *res judicata* are met in this case. First, the parties here are identical to the parties in *Johnson I* and thus the first requirement of *res judicata* has been met. Second, the

---

[1] As the Supreme Court has explained, "[t]hese terms have replaced a more confusing lexicon. Claim preclusion describes the rules formerly known as 'merger' and 'bar,' while issue preclusion encompasses the doctrines once known as 'collateral estoppel' and 'direct estoppel.'" *Id.* (quoting *Migra v. Warren City School Dist. Bd. of Ed.*, 465 U.S. 75, 77, n. 1(1984)).

judgment in the prior federal lawsuit was clearly made by a court of competent jurisdiction. Third, Judge Pitman entered a binding Final Judgment against Plaintiffs on the merits and Plaintiffs did not appeal that judgment, making it a final and preclusive judgment. *See Tuley v. Heyd*, 482 F.2d 590, 594 n. 2 (5th Cir. 1973) ("[A] summary judgment is always 'with prejudice.' It 'is on the merits and purports to have a *res judicata* effect on any later action.'") (quoting 10 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 2713 (1973)); *Davis v. Protect Controls, Inc.,* 2018 WL 3589087, at *3 (S.D. Tex. June 14, 2018). Lastly, Plaintiffs have asserted the same claims here as they asserted in *Johnson I*. The Fifth Circuit applies "a 'transactional test' to determine whether two suits involve the same claim, where the 'critical issue' is 'whether the plaintiff bases the two actions on the same nucleus of operative facts.'" *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 938 (5th Cir. 2000) (quoting *Agrilectric Power Partners, Ltd. v. General Electric Co.*, 20 F.3d 663, 665 (5th Cir. 1994)). Here, the facts giving rise to the causes of action asserted in this lawsuit arise out of the same nucleus of operative facts as the previous lawsuit in that they all involve US Bank's ability to enforce the same mortgage loan agreement. In the present suit, Plaintiffs again are arguing that the statute of limitations prohibits US Bank from foreclosing on the Property. Judge Pitman considered this issue in *Johnson I* and found that it failed as a matter of law.[2] Thus, the fourth element has been met.

Even if Plaintiffs' claims in this case were different than the claims raised in *Johnson I* (which they are not), they would nevertheless be barred by *res judicata* as they all arise out of the underlying foreclosure sale and could have been asserted in the previous lawsuit. *See Matter of Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990) ("The rule is that *res judicata* bars all claims that were

---

[2]In its Response, Plaintiffs nonsensically argue that the fourth factor has not been met because the facts in the previous litigation "were distorted by the defendants." Dkt. No.28. Plaintiffs do not explain how this changes the fact that they are reasserting the precise claims litigated in the first lawsuit.

or could have been advanced in support of the cause of action on the occasion of its former adjudication . . . not merely those that were adjudicated."). Accordingly, the fourth and final *res judicata* requirement is met.

Because the issues in this lawsuit were previously resolved through a final judgment allowing US Bank to proceed with the foreclosure of the Property, Plaintiffs' claims are barred by *res judicata*. Plaintiffs have failed to present any special circumstances that would render *res judicata* unfair in this case. *See Sport Supply Group, Inc. v. Columbia Casualty Co.*, 335 F.3d 453, 458 n. 4 (5th Cir. 2003) ("there must be no special circumstances that would render preclusion inappropriate or unfair.").

## IV. RECOMMENDATION

The Court **RECOMMENDS** that the District Court **GRANT** Defendant's Second Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 26) and **DISMISS** this case **WITH PREJUDICE** based on the doctrine of *res judicata*. The Court **FURTHER RECOMMENDS** that the District Judge enter a **Final Judgment** in this case against Plaintiffs. Finally, the undersigned **RECOMMENDS** that the District Court **WARN** Plaintiffs that continuing to file duplicative lawsuits in this Court will result in the imposition of serious sanctions, which may include dismissal, monetary sanctions and restrictions on his ability to file pleadings in this Court.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within

fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 1st day of February, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE